Wilde J.
delivered the opinion of the Court. It seems to us very clear, upon the facts agreed, that the petitioners are entitled to judgment for partition as prayed for in their petition. It is admitted that they have derived a legal and valid title to the moiety of the premises under a mortgage deed from one Quartus Smith, and the respondents agree that they are entitled to judgment, unless they are barred by the proceedings set up in the defence. It appears that after the *320 mortgage deed, Reuben Smith, one of the respondents, preferred his petition for partition to the Court of Common Pleas, and that judgment was rendered thereon, and partition made accordingly, in which the share and purparty of Quartus Smith was set off to him in severalty. But in this suit the petitioners were not made a party, and for that reason were denied a hearing by the court, and therefore they are not bound by the judgment in that case.
The mortgager was only tenant at will and could do no act binding on the mortgagee, or prejudicial to his title. The case of Potter v. Wheeler, 13 Mass. R. 504, cited by the respondents’ counsel, was an action of dower and is not applicable. The partition between the husband and his co-tenant was held binding upon the wife, because at the time of the partition the whole estate was in the husband ; the wife had no estate and could not be made a party to the partition. By her marriage it is said she gained an inchoate right to her dower, subject to the contingency of partition which any tenant in common might be compelled to make. Nor do we consider the case of Jackson v. Pierce, 10 Johns. R. 414, as of much weight. We have no doubt that a mortgagee may elect to confirm a partition made by the mortgager, and that the other parties to the partition would be bound by such election. But if he considers the partition unequal or in any respect prejudicial tó his interests, he clearly is entitled to set it aside and demand a new partition.[1]
But it has been argued, that if the partition set up was not binding, yet that the mortgager’s entry under it and subsequent occupation . amounted to an ouster or disseisin of the mortgagees or those claiming under them. This argument, however, is not sustained by the facts agreed. The mortgager, being permitted to remain in possession of the mortgaged premises, had a right to occupy in common with' the other co-tenants or in severalty. He was not accountable to the mortgagees for the rents and profits ; his occupation therefore was not *321 tortious, and could not amount to an ouster or disseisin of the mortgagees.[2]
Then it was argued, that the petitioners are barred or estopped by the judgment on their former petition, and no doubt such would have been the legal effect of that judgment, if the parties, and the question of title put in issue, or necessarily decided, had been the same ; but that was a petition for a partition of a part of the land held in common, and such partition could not be legally made except with the consent of all the tenants, and on that ground the judgment of the Court of Common Pleas was correct. Whether the case was decided on that ground or not, is immaterial, because unless the question of title now raised was distinctly put in issue, or necessarily decided, in the former suit, the judgment cannot operate as an estoppel or bar to the present action.[1]

Judgment for partition as prayed for.

 See Rev. Stat. c. 103, § 47; Bradley v. Fuller, 23 Pick. 1; Munroe v. Luke, 19 Pick. 39.

 See Rich v. Lord, 18 Pick. 322; Fisher v. Dewerson, 3 Metc. 544; Bradley v. Fuller, 23 Pick. 1; Nichols v. Smith, 22 Pick.. 316; Call v. Barker, 3 Fairf. 320; Upham v. Bradley, 5 Shepl. 423; Miller v. Dennett, 6 N. H. R. 109.

 See Rev. Stat, c. 103, § 33, et seq.; Whittemore v. Shaw, 8 N. H. R. 393